```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA1
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:17-00002

**MIGUEL ALEJANDRO ROBLES-IBARRA**

<u>MEMORANDUM OPINION AND JUDGMENT ORDER</u>

Pending before the court is the defendant's Motion for Appointment of Counsel in Light of Amendment 821 / Zero Point Offenders Amendment, filed on January 11, 2024, wherein the court liberally construes the motion as a request for a reduction of sentence pursuant 18 U.S.C. § 3582(c)(2) and Amendment 821, and appointment of counsel to represent him in his request for relief.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, (additional criminal history points added for having committed the instant offense while under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (other than status points) and eliminating status points for those with

six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office.

On January 9, 2017, the defendant pled guilty to a single-count Information charging the defendant with one violation of 21 U.S.C. § 846, conspiracy to distribute more than 50 grams of a substance containing methamphetamine.  At the time of the defendant's original sentencing, he had a Total Offense Level of 37 and a Criminal History Category of I which consisted of zero criminal history points and no status points.  His guideline range was 210-262 months.  On April 19, 2017, the court imposed a downward variance sentence of 135 months imprisonment and 4 years supervised release.

Following the retroactive amendment to the Guidelines, the defendant's Zero-point criminal history score entitles him

to a two-level decrease in his Offense Level resulting in a Total Offense Level of 35 with a Criminal History Category of I, yielding a Guideline Range of 168-210 months.

Inasmuch as the defendant's 135-month variant sentence is already below the low end of the amended guideline range of 168 months to 210 months, and the court pursuant to U.S.S.G. §1B1.10(b)(2)(A) may not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range; the defendant's motion for modification or reduction of sentence and appointment of counsel is hereby ORDERED denied.

The Court DIRECTS the Clerk to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 15, 2024

John T. Copenhaver, Jr.
Senior United States District Judge